Jones, J.
(dissenting). I dissent. In my view fair consideration was not accorded petitioner’s application. The printed form offered no invitation or space to present information as to rehabilitative efforts or results; the Authority admitted that petitioner’s only personal interview lasted about 15 minutes; . Special Term found that petitioner “ was not afforded an opportunity to introduce * ■* * witnesses * * * or to offer evidence in explanation or rebuttal. He was not permitted to present evidence as to the .extent of his rehabilitation or other; activities since his release from incarceration”.
I do not intend to suggest that every applicant for approval . of employment pursuant tó subdivision 2 of section.102 of tíre... Alcoholic Beverage- Control. Law is entitled to an evidentiary hearing with the accompanying panoply of due process rights'. In view of the fact, recognized by the Authority, ‘that the rehabilitation of ex-convicts is an important social consideration ”, and in fairness to and respect for the individual applicants, however, I would hold that such an applicant is entitled to a fair opportunity, consistent both with the circumstances of his individual background and the nature of his application, as well as with the legitimate administrative demands oh the-Authority, to a fair and reasonable opportunity to present r ele-, vont and material evidence in support of his application. In *815 my view petitioner here, on the basis of the record before us, was not accorded such opportunity in connection with Ms application.
Accordingly, I would reverse and remit the matter to the State Liquor Authority for reconsideration of petitioner’s application with opportunity extended to him to submit current supporting data.
Chief Judge Fuld and Judges Bubke, Bbeitel, Jasen and G-abbielli concur in memorandum; Judge Jones dissents and votes to reverse in a separate opinion in which Judge Waghtleb concurs.
Order affirmed, without costs, in a memorandum.